United States District Court
District of Massachusetts

```
_____
                              )
United States of America,     )
                              )
          v.                  )     Criminal Action No.
                              )     07-10312-NMG
Melvin McGregor               )
                              )
          Defendant.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

        Defendant Melvin McGregor ("defendant") pled guilty in May, 2009, to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Defendant was originally sentenced as armed career criminal to 188 months incarceration followed by three years of supervised release.

        In June, 2016, defendant petitioned to vacate his sentence pursuant to 28 U.S.C. § 2255 based upon the decision in <u>Johnson</u> v. <u>United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson II</u>").  The government was granted an extension of time to respond to the petition but missed the court-imposed deadline despite a posted reminder on the docket.  It belatedly moved for an additional extension of time and filed its opposition to the petition on September 16, 2016.  The government was admonished for its dilatory conduct and the Court allowed defendant's petition and vacated his sentence in October, 2016.

-1-

Initially scheduled as a re-sentencing, the Court held a hearing on December 22, 2016, during which the parties debated defendant's status as an armed career criminal.  Because the determination of that issue is critical to the re-sentencing and the subject of significant current jurisprudential debate, the Court postponed the re-sentencing and took the matter under advisement.

Defendant's status under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is the subject of this memorandum.

## I.    The ACCA Predicate Offenses at Issue

The following four offenses were identified in the 2009 Pre-sentence Report ("PSR") as predicate offenses under the ACCA:

1) Possession with Intent to Distribute a Class A Controlled Substance (¶ 43 of the PSR);

2) Possession with Intent to Distribute a Class A Controlled Substance (¶ 45);

3) Assault and Battery; Assault and Battery with a Dangerous Weapon (¶ 46) and

4) Armed Assault with Intent to Murder; Assault and Battery with a Dangerous Weapon (¶ 49).

The two drug-related offenses are not challenged in defendant's § 2255 petition.  Defendant contends, however, that the convictions for assault and battery with a dangerous weapon and armed assault with intent to murder are not ACCA predicate offenses.

**A.    Assault and Battery with a Dangerous Weapon**

Defendant's reliance on United States v. Fish, 758 F.3d 1 (1st Cir. 2014), for the proposition that assault and battery with a dangerous weapon ("ABDW") is not an ACCA predicate offense is no longer well-founded.  The First Circuit Court of Appeals ("First Circuit") has since held that its language in Fish with respect to whether ABDW is a crime of violence under the "force clause" of the ACCA was dicta. United States v. Fields, 823 F.3d 20, 35 n.12 (1st Cir. 2016).  Moreover, on December 1, 2016, the First Circuit concluded that an intentional form of ABDW is a crime of violence within the meaning of the ACCA. United States v. Tavares, 843 F.3d 1, 13 (1st Cir. 2016).  The First Circuit also found that the intentional and reckless forms of ABDW are divisible but it chose not to determine whether the reckless form qualifies as a crime of violence under the ACCA. Id. at 19.

Thus First Circuit law now confirms that if the government can provide Shepard-approved documents showing that a defendant's ABDW conviction was based on the intentional version of the offense, the conviction qualifies as an ACCA predicate offense. See id. at 20.  Even if the government cannot provide those documents in this case, it appears to this judicial

officer that the First Circuit is predetermined to recognize that any form of ABDW is an ACCA predicate offense.

For example, United States District Judge William G. Young recently held that ABDW is a predicate offense under the ACCA. His opinion was issued before the First Circuit's decision in Tavares but he applied consistent reasoning to conclude that the intentional and reckless forms of ABDW were violent crimes under the ACCA. United States v. Webb, Docket Nos. 01-10267, 06-10251, 2016 WL 6647929, at *10-12 (D. Mass. Nov. 9, 2016).

Both the First Circuit and Judge Young found instructive a decision by the United States Supreme Court concluding that a misdemeanor crime of domestic violence involving reckless conduct was a crime of violence in the context of a statute prohibiting someone "who had committed a misdemeanor crime of violence from possessing a firearm." Id. at *12 (citing Voisine v. United States, 136 S. Ct. 2272, 2276-78 (2016)).

In light of 1) the First Circuit's classification of the relevant Fish decision language as dicta and 2) persuasive authority of an esteemed jurist, this Court finds that ABDW is a crime of violence and thus a predicate offense under the ACCA.

### B.   Armed Assault with Intent to Murder

Since the Supreme Court's decision in Johnson II, there has been no published authority discussing armed assault with intent to murder in the context of the ACCA.

At the hearing on December 22, 2016, defendant relied primarily on a decision from the bench by Senior United States District Judge Douglas P. Woodlock that armed assault with intent to murder is not a crime of violence under the ACCA.  At the sentencing hearing in United States v. Edwards, Docket No. 13-10342 (D. Mass. Oct. 13, 2015), Judge Woodlock declined to find that armed assault with intent to murder was an ACCA predicate offense only because there was no binding authority from the First Circuit on that issue (Tr. of Sentencing Hearing 32, ECF No. 155).

The government contends in its opposition memorandum here that the "proof of assault (while armed with a dangerous weapon) and a specific intent to kill that equates with malice," Commonwealth v. Vick, 910 N.E.2d 339, 350 (Mass. 2009), eliminates the possibility that a defendant could be convicted of the subject crime merely by committing an attempted or threatened "offensive touching." See United States v. Martinez, 762 F.3d 127, 138 (1st Cir. 2014) (concluding that the crime of assault was not a violent felony under the ACCA because it could involve attempted or threatened offensive touching).

The government further explains that an intent to kill may be inferred from a defendant's conduct, Commonwealth v. Hansen, 476 N.E.2d 947, 952 (1985), and it is implausible that such intent could be inferred by a simple "offensive touching".

Despite Judge Woodlock's conclusion, this Court finds the government's reasoning persuasive and concludes that armed assault with intent to murder is an ACCA predicate offense.

Because the Court finds that both ABDW and armed assault with intent to murder are ACCA predicate offenses, it concludes that defendant must be re-sentenced as an armed career criminal. This conclusion is reinforced by the fact that only one of those crimes must be found to be a predicate offense when combined with defendant's two unchallenged drug offenses. See 18 U.S.C. § 924(e)(1) (noting that three predicate offenses suffice to classify a defendant as an armed career criminal).

**ORDER**

For the forgoing reasons, the Court will re-sentence the defendant, at the appointed time, as an armed career criminal.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated January 10, 2017